UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION
IN RE

TIMOTHY J. POMARZYNSKI            CHAPTER 13

                                       CASE NO. 16-12176

              DEBTOR

                                       JUDGE: Michael J. Kaplan

## AMENDED STIPULATION AND ORDER CONDITIONALLY GRANTING RELIEF FROM THE AUTOMATIC STAY

**WHEREAS,** Nationstar Mortgage LLC (with successors and assigns collectively as "Secured Creditor") is a Secured Creditor of the Debtor by virtue of a Mortgage, securing the obligations under a promissory note executed by the Debtor on January 5, 2007 (the "Note") encumbering real property known as 964 Sierk Road, Attica, NY 14011 (the "Property" or the "Premises") (the "Mortgage"), owned by Timothy J. Pomarzynski ("Debtor"). Debtor and Deborah Pomarzynski executed a Mortgage given to Mortgage Electronic Registration Systems, Inc. as nominee for America's Wholesale Lender securing the repayment of the principal sum of $204,000.00 due under the Note on January 5, 2007. Said Mortgage was recorded on January 11, 2007 in the Wyoming County Clerk's Office at Liber 735, Page 511 (Note and Mortgage collectively known as the "Loan"). The Loan was assigned to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP, and said transfer was memorialized by an assignment of mortgage executed on November 2, 2011 and recorded November 25, 2011 (the "First Assignment of Mortgage"). The terms of the Loan were modified by agreement between Debtor and Bank of America, N.A., dated July 1, 2013, securing a new principal balance of $223,109.04 (the "Loan Modification"), and said Loan Modification was recorded on November 29, 2013 in Liber 872, Page 678. The Loan was

16-057368

subsequently transferred to Nationstar Mortgage LLC and said transfer was memorialized by an assignment of mortgage executed on October 26, 2016 and recorded December 8, 2016 (the "Second Assignment of Mortgage").

**WHEREAS,** on October 25, 2016 the Debtor commenced a case under Chapter 13 of the Bankruptcy Code; and

**WHEREAS,** the Debtor Timothy J. Pomarzynski owns the Property and occupies the same as his residence; and

**WHEREAS,** on February 1, 2017, Secured Creditor filed proof of claim number 2 evidencing the debt due under the Loan and listing pre-petition arrears; and

**WHEREAS,** the Secured Creditor is the holder of the Loan; and

**WHEREAS,** on December 21, 2016, the Court entered an Order confirming the debtor's first Amended Chapter 13 plan; and

**WHEREAS,** the Debtor's Chapter 13 Plan provides for the Trust's claim resulting from the debt due under the Loan; and

**WHEREAS,** a Stipulation and Order Conditionally Granting Relief From the Automatic Stay was entered January 1, 2017 to resolve the Debtor's prior post-petition default; and

**WHEREAS,** as of the date hereof, the Debtor is due for the October 2017 payment under the Loan; and

**WHEREAS,** after due deliberation, the Debtor and Secured Creditor have agreed to settle the payment of the post-petition mortgage arrears with an Amended Stipulated Conditional Order; it is hereby:

16-057368

**STIPULATED AND AGREED AS FOLLOWS THAT:**

    A.    On or before July 1, 2018, the Debtor shall pay to the Secured Creditor all post-petition arrears owed on the Loan as of February 1, 2018 in the total amount of $4,541.25 (the "Post-Petition Arrears"), a breakdown of which follows;

| | |
|---|---:|
| 1 monthly payments at $1,134.92 each (October 2017 through October 2017) | $1,134.92 |
| 4 monthly payments at $1,135.31 each (November 2017 through February 2018) | $4,541.24 |
| Debtor Suspense | $(1,134.91) |
| **TOTAL** | **$4,541.25** |

The Post-Petition Arrears shall be paid as follows:

| | | |
|---|---|---:|
| 1. | On or before February 15, 2018 | $756.88 |
| 2. | On or before March 15, 2018 | $756.88 |
| 3. | On or before April 15, 2018 | $756.88 |
| 4. | On or before May 15, 2018 | $756.88 |
| 5. | On or before June 15, 2018 | $756.88 |
| 6. | On or before July 15, 2018 | $756.85 |

**ALL payments toward the post-petition arrears and in accordance with this paragraph must be in <u>certified funds</u> made payable to Nationstar Mortgage LLC and shall be sent to the following address:**

    **Shapiro, DiCaro & Barak, LLC**
    **175 Mile Crossing Boulevard**
    **Rochester, New York 14624**

16-057368

B. Debtor shall, in accordance with the requirement of the Loan, continue making the regular monthly payments to Nationstar Mortgage LLC at the address listed below on the first day of each and every month thereafter commencing March 1, 2018.

Nationstar Mortgage LLC
PO Box 619094
Dallas, TX 75261-9741

C. If the Debtor fails to tender any of the sums due under paragraph A and without further notice, the Secured Creditor shall file an Ex Parte Order Granting Relief from the Automatic Stay together with an Affirmation of Non-Compliance. Upon issuance of the Ex Parte Order, the Automatic Stay shall be deemed vacated with respect to the Mortgage held by Secured Creditor, allowing the Secured Creditor to foreclose on the Mortgage and Note encumbering the Property.

D. If the Debtor fails to tender any of the sums due under paragraph B, and fails to cure the default within ten (10) days from the date of service of a written Notice of Default on the Debtor and Debtor's Attorney, the Secured Creditor shall file an Ex Parte Order Granting Relief from the Automatic Stay together with an Affirmation of Non-Compliance. Upon issuance of the Ex Parte Order, the Automatic Stay shall be deemed vacated with respect to the Mortgage held by Secured Creditor, allowing the Secured Creditor to foreclose on the Mortgage and Note encumbering the Property.

E. In the event that three (3) Notices of Default have been sent to the Debtor and Debtor's Attorney as a result of three defaults under this Order, the Secured Creditor shall file an Ex Parte Order Granting Relief from the Automatic Stay together with an Affirmation of Non-Compliance. Upon issuance of the Ex Parte Order, the Automatic Stay shall be lifted and

16-057368

vacated allowing Secured Creditor to foreclose on the Mortgage and Note encumbering the Property.

F. If the Automatic Stay is vacated under the terms of this Order the unpaid portion of the Claim of Secured Creditor, claim number 2, shall be deemed withdrawn.

G. This Court has jurisdiction over these proceedings and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334.

H. The relief granted in this Stipulation and Order is pursuant to Bankruptcy Code § 105, 362 (d) (1) and (2), Bankruptcy Rules 4001 and 9019.

I. Each of the WHEREAS clauses above is incorporated herein by reference as if fully set forth herein.

J. The obligations due pursuant to the Note and Mortgage are validly due and owing to the Secured Creditor.

K. The obligations due pursuant to the Note are secured by a lien upon the Premises as evidenced by a duly recorded Mortgage, which lien and security interest is valid and remains in full force and effect.

L. The Stipulation and Order may be filed in connection with any proceedings to enforce the Secured Creditor's rights and remedies under the Mortgage and Note with respect to the Premises.

M. This Stipulation and Order shall be binding upon the heirs, successors and assigns of Secured Creditor and of the Debtor.

N. This Stipulation and Order may be executed in counterparts, but shall not become effective until executed by all Parties, approved by the Court. The fully executed copy of this

16-057368

Stipulation and Order shall be deemed the original for the purposes of filing same with the Court and facsimile signatures shall have the same force and effect as original signatures.

O. This Stipulation and Order shall not be changed orally. The foregoing represents the entire agreement of the parties and no modification, amendment, or extension thereof shall be valid, unless in writing, signed by all signatories to this agreement.

P. Except as provided herein, no party hereto shall be entitled to seek or collect any attorneys' fees, costs or sanctions from any other party hereto.

Q. This Stipulation and Order shall be governed by and construed in accordance with the laws of the State of New York.

R. The Parties hereto acknowledge and agree that no party hereto is a minor or incompetent, and that all Parties have entered into this Stipulation and Order of their own volition without coercion or duress.

S. If any of the provisions of this Stipulation and Order are determined to be unenforceable it shall not render the entire Stipulation and Order unenforceable but only that provision.

T. Nothing herein shall release or relieve the Parties hereto of their respective obligations under this Stipulation and Order.

16-057368

U. Subsequent to any foreclosure sale the Movant shall provide a report to the Trustee identifying the existence of any surplus monies which result from said sale.

Approved:

_____  Dated: 1/23/18
Thomas A. Steffan, Cooke & Steffan
Attorney for Debtor

Approved: No objection

_____  Dated: 1-25-18
Albert J. Mogavero, Chapter 13 Trustee
Bankruptcy Trustee

Approved:

_____  Dated: 1-24-18
Julie Doyle
Attorney for Secured Creditor

Dated: FEB - 8 2018, ~~2017~~
Buffalo, NY

Enter:

_____
United States Bankruptcy Judge
Honorable Michael J. Kaplan



FILED
FEB - 8 2018
BANKRUPTCY COURT
BUFFALO, N.Y.

16-057368